NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARDIAL SINGH,<br><br>       Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>       Respondent. | No.   18-71022<br><br>Agency No. A095-630-059<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Hardial Singh, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen and

terminate removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reopen and review de

novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's third, untimely motion to reopen where he failed to show he qualified for any exception to the time and number limits for motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C).

We lack jurisdiction to consider Singh's unexhausted contention that the BIA erred in failing to apply equitable tolling. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction to review issues where petitioner failed to exhaust the claim before the BIA).

We further lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen where Singh has not shown a legal or constitutional error, and the BIA provided sufficient reasoning. *See Bonilla*, 840 F.3d at 587-88 (this court's review of denials of sua sponte reopening is limited to identifying legal or constitutional error); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (internal quotation marks and citation omitted)); 8 C.F.R. § 1003.2 ("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**